[Cite as *State v. Baker*, 2021-Ohio-906.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2021-A-0002** |
| SHAUN DEMITRIUS BAKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2019 CR 00254.

Judgment: Appeal dismissed.

*Colleen M. O'Toole,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Shaun Demitrius Baker, pro se,* PID: A770-264, Trumbull Correctional Institution - TCC 5701 Burnett Road, P.O. Box 640, Leavittsburg, OH 44430 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} This matter is before this court on the pro se motion for leave to file a delayed appeal, pursuant to App.R. 5(A), filed by appellant, Shaun Demitrius Baker. Along with the motion, appellant filed his notice of appeal in the trial court on January 28, 2021.

{¶2} Appellant appeals the trial court's entry of October 31, 2019, sentencing him to serve five years in prison after he entered a guilty plea to aggravated trafficking in drugs.

{¶3} A timely notice of appeal from the entry was due no later than December 2, 2019, which was not a weekend or a holiday. Therefore, appellant's appeal is untimely by over 13 months.

{¶4} Appellee filed a response in opposition to the motion for delayed appeal on February 8, 2021.

{¶5} App.R. 4(A)(1) states in relevant part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings; * * *

{¶10} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶11} Appellant asserts the following as reasons for failing to file a timely appeal: 1) he was not advised of his appellate rights by the trial court or counsel during or after

2

sentencing; 2) he "attempted to contact the Public Defender's Office, seeking guidance on how to overcome issues involving [his] case;" and 3) the Covid-19 pandemic has made the appeal process very difficult for him, and his appeal would have been timely if he had "proper access to law materials and advice."

{¶12} As to not being advised of his appellate rights, appellant's signed September 17, 2019 "Written Plea of Guilty" indicates that: "[m]y attorney has explained my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgment of my sentence." As to appellant's difficulty in filing his appeal due to the Covid-19 pandemic, the effects of the pandemic were not a factor until months after appellant's notice of appeal was due.

{¶13} Thus, because the motion fails to state a valid reason for filing his appeal his over 13 months late, it is ordered that appellant's motion for leave to file a delayed appeal is hereby overruled.

{¶14} Appeal dismissed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.